UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 10, 2013

LETTER TO COUNSEL:

      RE: *Lucian C. James, Jr. v. Commissioner, Social Security Administration*;
            Civil No. SAG-12-2995

Dear Counsel:

On October 9, 2012, the Plaintiff, Lucian C. James, Jr., petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. James's reply. (ECF Nos. 16, 17, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, vacate the ALJ's opinion, and remand the case for further consideration. This letter explains my rationale.

Mr. James filed his claims on July 8, 2009, alleging disability beginning on June 10, 2008. (Tr. 115-22). His claim was denied initially on November 20, 2009, and on reconsideration on March 1, 2010. (Tr. 55-59, 63-66). A hearing was held on February 9, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 20-50). Following the hearing, on March 16, 2011, the ALJ determined that Mr. James was not disabled during the relevant time frame. (Tr. 6-19). The Appeals Council denied Mr. James's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. James suffered from the severe impairments of osteoarthritis right knee, status post open knee surgery, and obesity. (Tr. 11). Despite these impairments, the ALJ determined that Mr. James retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant could occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl. The claimant should never climb ladders, ropes or scaffolds. In general, the claimant should avoid pushing or pulling with the lower extremity.

(Tr. 12). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. James could perform his past relevant work as an inventory clerk as it was actually performed, and that he was therefore not disabled during the relevant time frame. (Tr. 15-16).

Mr. James presents two arguments on appeal: (1) that the ALJ lacked sufficient evidentiary support for his RFC; and (2) that the ALJ's evaluation of his past relevant work was insufficient. Because I agree that the ALJ provided an inadequate explanation of his deviation from the medical opinions of record, the case will be remanded for further consideration. In so finding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. James is not entitled to benefits is correct or incorrect.

The ALJ's opinion contains almost no explanation for her conclusion that Mr. James could meet the standing/walking requirements of light work. The ALJ's narrative discussion certainly establishes a lack of significant medical treatment and relatively extensive activities of daily living. (Tr. 13-14). Moreover, the Commissioner notes that a record submitted after the ALJ's decision indicates that Mr. James had only mild swelling and mildly reduced strength in his right knee and leg, and that he declined pain medication. (Tr. 276-80). Nevertheless, each of the four medical professionals rendering opinions regarding Mr. James's RFC agreed that he was capable only of standing or walking up to two hours in an eight hour workday, which would preclude light work. *See* (Tr. 247) (Dr. Gill opinion); (Tr. 256) (Dr. Barrish opinion). The two reviewing state agency physicians opined, on check-the-box forms with no narrative explanation for the divergence from the examining physicians' opinions, that Mr. James could stand and walk between two and six hours. *See* (Tr. 260) (Dr. Totoonchie opinion); (Tr. 268) (Dr. Najar opinion).

None of the evidence summarized by the ALJ sufficiently explains the ALJ's conclusion that, despite the opinion shared by four medical professionals about Mr. James's limitation to stand or walk, Mr. James actually retained the ability to perform a job requiring "a good deal of walking or standing." *See* SSR 83-10, 1983 WL 31251, at *6 (defining the requirements of light work and noting that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday"). The ALJ's conclusory assertion that the doctors' opinions were undermined by "the claimant's testimony and medical record," (Tr. 14), is inadequate to permit my review for substantial evidence, particularly where the claimant did not testify that he was capable of standing and walking for extended periods. *See* (Tr. 13) (citing Mr. James's testimony that he can walk "about 20 minutes" and "stand for 40 minutes before needing to rest"). The case is therefore remanded to permit the ALJ to fulfill her duty of explanation.

Mr. James further contends that the ALJ's evaluation of his past relevant work was insufficient. Pl. Mot. 14-21. Specifically, Mr. James contends that his work was done under "special conditions" and that it therefore did not constitute substantial gainful activity under 20 C.F.R. § 404.1573(c). Moreover, Mr. James contends that his prior work as an inventory clerk was done at the sedentary, not the light level, and that a job that is uniquely created for Mr. James was not vocationally relevant. The Commissioner counters that governing precedent establishes that the elimination of Mr. James's actual job is irrelevant to the determination of his ability to perform his past relevant work. Def. Mot. 18-19 (citing *Barnhart v. Thomas*, 540 U.S. 20 (2003) and *Pass v. Chater*, 65 F.3d 1200 (4th Cir. 1995)). This case appears to be analogous

to *Pass*, where a claimant had worked for five months in an essentially sedentary job as a gate guard, a position typically requiring light exertion. *See Pass,* 65 F. 3d at 1207 (finding that the proper inquiry at the Step Four is whether a claimant is capable of performing past relevant work as the claimant actually performed it or as it is generally required to be performed by employers). The Fourth Circuit upheld the ALJ's conclusion that the claimant was able to perform his past relevant job as a gate guard, even though the particular position the claimant had held no longer existed. *Id.* It appears that *Pass* renders Mr. James's contentions meritless. However, because Mr. James's case is being remanded for further explanation regarding the ALJ's rejection of the medical opinions, on remand, the ALJ should also expressly make appropriate findings concerning Mr. James's past relevant work.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 16) and the Commissioner's motion for summary judgment (ECF No. 17) will be DENIED. The opinion of the ALJ is vacated and the case is remanded to the Commissioner for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                           Sincerely yours,

                                           /s/

                                           Stephanie A. Gallagher
                                           United States Magistrate Judge